UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TAMARA LANIER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE AKA HARVARD CORPORATION, HARVARD BOARD OF OVERSEERS, HARVARD UNIVERSITY, THE PEABODY MUSEUM OF ARCHAEOLOGY AND ETHNOLOGY, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Defendants President and Fellows of Harvard College, Harvard Board of Overseers, Harvard University, and the Peabody Museum of Archaeology and Ethnology (collectively, "Harvard")[1] hereby remove the above-captioned action, currently pending in the Commonwealth of Massachusetts Trial Court, Superior Court Department for Middlesex County, to the United States District Court for the District of Massachusetts.[2] Defendants remove this action pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 and L.R., D. Mass. 81.1.

---

[1] Plaintiff's Complaint incorrectly identifies the Harvard entities as "President and Fellows of Harvard College a/k/a Harvard Corporation, Harvard Board of Overseers, Harvard University, and the Peabody Museum of Archaeology and Ethnology." The President and Fellows of Harvard College is the legal entity that comprises the various named defendants and is the only proper party to this litigation. All other named Harvard entities, including the Peabody Museum, should be dismissed from this proceeding.

[2] Harvard reserves the right to request a jury trial on all issues, and reserves all claims and defenses.

**Background**

On or about March 20, 2019, Plaintiff Tamara Lanier filed a Complaint with the Clerk of Courts for the County of Middlesex (the "State Court Action"). The State Court Action was assigned Civil Action No. 1981CV00784. On March 26, 2019, Ms. Lanier served a copy of the Complaint on Harvard.

The Complaint asserts eight claims against Harvard, including claims for: violation of M.G.L. c. 247, § 7 (Replevin) (Count I); Conversion (Count II); violation of M.G.L. c. 214, § 3A (Unauthorized Use of Name, Picture, and/or Portrait) (Count III); violation of U.S. Const. Amend. XIII § 1 (Count IV); 42 U.S.C. § 1982 (Count V); Restatement (Second) of Torts § 871 (Intentional Harm to a Property Interest) (Count VI); Negligent Infliction of Emotional Distress (Count VII); and Equitable Restitution (Count VIII). *See* Ex. A (Complaint) at 19-22.[3] Pursuant to Mass. R. Civ. P. 12(a), Harvard had until April 15, 2019 to file a responsive pleading. This deadline was extended until April 25, 2019 by agreement of the parties. Superior Court Docket #11.

**Grounds for Removal**

Pursuant to 28 U.S.C. § 1441(a), removal is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" This Court has original jurisdiction over this action based on federal question because, as explained below, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and the Complaint alleges two counts arising under the United States Constitution or federal law. 28 U.S.C. § 1331.

---

[3] Harvard refers to page numbers here, instead of paragraph numbers, because there appear to be paragraph numbering errors in this portion of the Complaint.

2

A. *<u>Plaintiff's Claims Are Based On A Federal Question and the Court Has Pendant Jurisdiction Over Related State Claims</u>*

Several of Ms. Lanier's claims against Harvard are based on assertions that Harvard's conduct amounts to a violation of the United States Constitution and federal law. Specifically, Ms. Lanier has brought a claim against Harvard under Amendment XIII § 1 of the United States Constitution, alleging that Harvard has violated the 8th Amendment's prohibition of the core components and incidents of slavery. *See* Complaint, Count IV, ¶¶ 203-212. Ms. Lanier has also brought a claim under 42 U.S.C. § 1982, alleging that Harvard has violated federal law pertaining to property rights. *See* Complaint, Count V, ¶¶ 203-206. This Court has original jurisdiction over those claims because they arise under the Constitution and pursuant to federal law.

Ms. Lanier has also brought certain state law claims. *See* Ex. A (Complaint) at Counts I, II, III, VII, and VIII. These claims, however, do not defeat federal jurisdiction because this Court has supplemental jurisdiction over the claims. *See* 28 U.S.C. § 1367. A federal district court has supplemental jurisdiction over state law claims when those claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.*; *see also Glob. NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 86 (1st Cir. 2010) (the federal court has supplemental jurisdiction over claims where they "arise from the same 'common nucleus of operative fact' as the underlying claim having a basis for federal jurisdiction).

Here, Ms. Lanier's state claims include claims for Replevin (Count I, ¶¶ 203-13); Conversion (Count II, ¶¶ 211-15); Unauthorized Use of Name, Picture, and/or Portrait (Count III, ¶¶ 203-07); Intentional Harm to a Property Interest (Count VI, ¶¶ 203-05); Negligent Infliction of Emotional Distress (Count VII, ¶¶ 203-05); and Equitable Restitution (Count VIII,

3

¶¶ 203-07). Each of these claims is based on the same overarching allegations as those raised by the claiming arising under federal law and the United States Constitution. As a result, Ms. Lanier's state law claims form part of the same case or controversy and may be properly adjudicated here.

**Procedural Requirements and Local Rules**

Harvard's request for removal meets each of the requirements under 28 U.S.C. sections 1441 and 1446, and District of Massachusetts Local Rule 18.1.

1. *Removal to Proper Court:* The United States District Court for the District of Massachusetts is the federal judicial district encompassing the Superior Court of Massachusetts (Middlesex County) where this suit was originally filed. Venue is therefore proper under 28 U.S.C. § 1441(a).

2. *Removal is Timely*: Harvard is entitled to remove the State Court Action at any time up to 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief on which the action is based. *See* 28 U.S.C. § 1446(b). Here, the Complaint was served on Harvard on March 26, 2019, and, as a result, Harvard has timely filed its Notice of Removal in this Court within 30 days after receipt of the Complaint.

3. *Pleadings and Process*: Attached hereto as Exhibit A is a copy of all pleadings received by Harvard (consisting only of the Complaint) in the State Court Action. *See* 28 U.S.C. § 1446(a). Pursuant to Local Rule 81.1(a), Harvard will file certified or attested copies of all records, proceedings, and docket entries in the State Court Action within 28 days of the filing of this Notice. Further, Harvard has paid the appropriate filing fee to the Clerk of this Court upon filing of this Notice.

4. *Notice*: Harvard will file with the Clerk of the Superior Court of Massachusetts (Middlesex County) and serve upon Plaintiff's counsel a Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal to be filed is attached hereto as Exhibit B.

5. *Signature*: This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

## Conclusion

Based upon the foregoing, this Court has jurisdiction over this action based on federal question pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. This action therefore may be removed to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1441 and 1446 and should proceed in this Court as an action properly removed thereto.

    Respectfully submitted,

    PRESIDENT AND FELLOWS OF HARVARD COLLEGE; HARVARD BOARD OF OVERSEERS; HARVARD UNIVERSITY; and THE PEABODY MUSEUM OF ARCHAEOLOGY AND ETHNOLOGY,

    By their attorneys,

    /s/ *Victoria L. Steinberg*
    Victoria L. Steinberg (BBO# 666482)
    vsteinberg@toddweld.com
    Maria T. Davis (BBO# 675447)
    mdavis@toddweld.com
    Todd & Weld LLP
    One Federal Street, 27th Floor
    Boston, MA 02110
April 25, 2019    (617) 720-2626

## **CERTIFICATE OF SERVICE**

I hereby certify that the forgoing Notice of Removal was served by U.S. Mail and Electronic Mail upon all counsel of record in the State Court Action on April 25, 2019:

| | |
|---|---|
| Sean K. McElliott, Esq.<br>Michael P. Koskoff, Esq.<br>Joshua D. Koskoff, Esq.<br>Katherine L. Mesner-Hage, Esq.<br>KOSKOFF, KOSKOFF & BIEDER, P.C.<br>350 Fairfield A venue<br>Bridgeport, CT 06604 | Ben Crump, Esq.<br>Scott Carruthers, Esq.<br>Talley Kaleko, Esq.<br>BEN CRUMP LAW, PLLC<br>122 S. Calhoun Street<br>Tallahassee, FL 32301 |
| Elizabeth N. Mulvey, Esq.<br>CROWE & MULVEY LLP<br>77 Franklin Street<br>Boston, MA 02110 | Mark Marderosian, Esq.<br>COHEN & MARDEROSIAN<br>One Penn Plaza, Suite 6180<br>New York, NY 10019 |

/s/ *Victoria L. Steinberg*
Victoria L. Steinberg